Nov. Term,
1861.

BROWN
v.
BROWN.

</div>

---

## BROWN v. BROWN and Another.

Judgment against *A.* and *B.* upon a promissory note. *B.* having established that he was a surety for *A.*, an order was entered that the execution to be issued on the judgment should first be levied of the property of *A.* The sheriff having levied the execution upon property of *A.*, took from him a delivery bond, with surety, which was afterward forfeited for a non-delivery of the property, and *A.* having no other property, the execution was then levied on the property of *B.*

*Held*, that the statute does not require the judgment plaintiff to pursue collateral remedies, before resorting to the property of the surety; and hence, the property of *B.* was subject to seizure.

APPEAL from the *Spencer* Common Pleas.

PERKINS, J.—Application for a restraining order. Application denied.

The case made is this: At the *January* term, 1858, *Samuel G. Brown* recovered a judgment against *Thomas M. Spring-steen* and *Thomas H. Brown*, upon a promissory note, for a fraction over $100. In *August* following, an execution issued on the judgment, and was levied upon personal property of *Springsteen*, who gave a bond, with one *Miller* as surety, for its delivery to the sheriff on the day named for

<div style="text-align:right">

*Friday,*
*December* 13.

</div>

Nov. Term,
1861.

BROWN
v.
BROWN.

its sale. The delivery bond was forfeited, and the sheriff then levied upon property of the other defendant, *Brown*. After this, viz., in *January*, 1859, said defendant, *Brown*, on proceedings had for the purpose, in the Court where the judgment against him and *Springsteen* was rendered, obtained an entry of record that he was surety for *Springsteen* in the debt sought to be collected, and that the sheriff first exhaust the property of the latter, in attempting to make the money on the judgment.

It is not shown that *Springsteen*, the principal debtor, had any property that could be reached by execution; but it is shown that the delivery bond is an ample security for the debt, *Miller* being entirely good. It is thus manifest that the only question to be decided here is, was *Brown*, the plaintiff, bound to sue on the forfeited delivery bond, and suspend proceedings on the execution against the defendants *Springsteen* and *Brown*, for the obtaining of his money? In other words, the question is, which surety, the one in the judgment, or in the delivery bond, must pay the money?

As between the plaintiff and the defendants in the original judgment below, both of the defendants were original, principal debtors; and it was only by virtue of the provisions of the statute under which the defendant, *Brown*, procured himself to be declared a surety, that he was entitled to any favor from the sheriff in the collection of the judgment. *Kirby* v. *Studebaker*, 15 Ind. 45. But the statute goes no further than to direct the sheriff in his proceedings on executions in his hands. It does not require him, nor the plaintiff, to pursue collateral remedies.

On the merits, we do not see that security *Brown* has any equity over security *Miller*, but rather the reverse.

*Per Curiam.*—The judgment below is affirmed, with costs

*David T. Laird*, for the appellant.

*James C. Veatch*, for the appellees.